IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BOBBY C. SANDERS**                                                                 **PETITIONER**

**V.**                                                  **CIVIL ACTION NO. 3:17CV988 HSO-LRA**

**RONALD WAYNE KING**                                                          **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Bobby Sanders filed a petition for writ of habeas corpus relief on December 7, 2017. After reviewing the record and all the applicable law, the undersigned recommends that the petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996.

More than 15 years ago, Sanders entered a guilty plea to armed robbery in the Circuit Court of Madison County, Mississippi. In an order stamped "filed" on March 13, 2002, he was sentenced to serve 40 years in the custody of the Mississippi Department of Corrections, with 5 years suspended and 5 years on post-release supervision. On August 1, 2014, Sanders filed a motion for post-conviction relief in the Madison County Circuit Court. The circuit court dismissed the motion as untimely, and the Mississippi Court of Appeals affirmed the decision on July 28, 2015. *Sanders v. State*, 179 So.3d 1207 (Miss. Ct. App. 2015).[1]

---

[1] ECF No. 6-1—6-4.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler,* 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v.*

2

*Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court. Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty plea within 30 days for challenges to the legality of the sentence. *See Sanders v. Cabana*, 2:04CV273 P-A, 2005 WL 1240784 (N.D. Miss. May 19, 2005). Miss. Code Ann. § 99-35-101 (Supp. 2009)[2] has now been amended to expressly prohibit appeals when the defendant enters a plea of guilty. As a result, state courts no longer apply the 30-day exception to guilty pleas entered after July 1, 2008, the effective date of the amendment. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010); *Burroughs v. State,* 9 So.3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed).

Sanders entered his guilty plea before the effective date of the amendment. As such, he is credited with the 30-day period for direct appeal granted to petitioners who

---

[2]Miss. Code Ann. § 99-35-101 (Supp. 2009) provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

3

pled guilty prior to July 1, 2008.  *Roberts v. Cockrell*, 319 F.3d at 690, 693, n.14 (5th Cir. 2003).  His conviction therefore became final on April 12, 2002, 30 days after the sentencing order was filed.  To toll the statute of limitations, he was required to file a motion for post-conviction collateral relief in state court on or before April 14, 2003.[3] Because he did not file his motion for post-conviction relief prior to that date, AEDPA's one-year statute of limitations ran uninterrupted.  *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition).  Absent statutory or equitable tolling, his federal habeas petition filed on December 7, 2017, over 14 years after the statute of limitations expired, is untimely.

Sanders does not deny that his petition is untimely, but requests that his petition be considered on the merits because he is actually innocent.  He alleges that his claims were not previously discoverable because he did not have access to "missing files and evidence," and because his counsel "was working in concert with the state attorney and totally destroyed the adversarial process of the criminal justice system . . . ."  He also cites his incarceration and the limitation it placed on his ability to investigate and research newly discovered evidence.[4]

As a threshold matter, Sanders does not submit, or otherwise identify in this court the newly discovered evidence upon which he relies.  However, the evidence and his

---

[3] Because the one-year deadline fell on Saturday, April 12, 2003, the actual expiration date would have been the next business day, April 14, 2003.

[4] ECF No. 1, pp. 13-14.

actual innocence claims were considered and rejected on state post-conviction review.

The court explained:

> Sanders contends the three-year time-bar in section 99–39–5 is inapplicable because of newly discovered evidence. *See* Miss. Code Ann. § 99–39–5(2)(a)(i). Sanders's evidence supporting this claim is an affidavit by Gerome Moore. Moore committed the armed robbery with Sanders and another man, Elias Gunn. In this affidavit, dated February 25, 2010, Moore contended Sanders was not present during the armed robbery. This Court affirmed Moore's armed-robbery conviction in *Moore v. State,* 858 So.2d 190, 196 (Miss. Ct. App. 2003). In *Moore,* we noted that Moore gave two statements and wrote a letter to the district attorney prior to trial in which he admitted his and Sanders's participation in the armed robbery. *Id.* at 192–93. Additionally, during Moore's trial, Moore and Gunn testified under oath that Sanders was the one who actually shot the victim during the armed robbery. *Id.* at 195.
>
> We have stated:
>
>> In order to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence (1) will probably change the result if a new trial is granted, (2) has been discovered since the trial, (3) could not have been discovered before the trial by the exercise of due diligence, (4) is material to the issue, and (5) is not merely cumulative, or impeaching.
>
> *Johnson v. State,* 39 So.3d 963, 966 (Miss. Ct. App.2010) (citations omitted). In this instance, Sanders has failed to meet these requirements, especially the first requirement. Sanders cannot show that this affidavit from Moore would change the result if a new trial was granted. Any testimony from Moore would be impeached by his sworn testimony at his own trial as well as his three pretrial statements.

*Sanders*, 179 So.3d at 1208–09. The *Moore* court also noted that the victim's testimony alone was sufficient to sustain the verdict, as she "testified that all three men exited the Buick, and all three men participated in robbing her." *Moore*, 858 So.2d at 195.

5

Notwithstanding Sanders's allegations, AEDPA's one year statute of limitations "contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted." *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002). Nor has such an exception been recognized by either the United States Supreme Court or the Fifth Circuit as grounds for equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance [permitting equitable tolling], given that many prisoners maintain they are innocent"). Indeed, claims of actual innocence, ignorance of the law, lack of knowledge of filing deadlines, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are insufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–72 (5th Cir. 2000); *Scott v. Johnson,* 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).

Further, nothing of record establishes that a state-created impediment prevented Sanders from timely filing his habeas petition in violation of the Constitution or federal law. 28 U.S.C.§ 2244 (d)(1)(B); *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). To the extent he seeks to invoke the factual predicate exception outlined in 28 U.S.C. § 2244(d)(1)(D), the plain language of the factual predicate exception provides that AEDPA's limitations period begins running from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, Sanders does not explain when he allegedly learned of the factual predicates of his claims. Nor does he explain why they

6

could not have been discovered sooner, or what steps, if any, that he took to discover them. Moore's affidavit is dated February 25, 2010.

Lastly, although his post-conviction motion, was filed too late to toll AEDPA's statute of limitations, no state-court matter of any kind was pending after the Mississippi Supreme Court denied certiorari on May 19, 2016. Yet, Sanders did not file the instant petition until December 7, 2017. He has thus failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations.

None of AEDPA's other statutory exceptions are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations. The undersigned finds that Petitioner's habeas petition is time-barred and recommends that it be dismissed with prejudice.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking

7

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on May 7, 2018.

s/ Linda R. Anderson<br>
UNITED STATES MAGISTRATE JUDGE