IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOBBY C. SANDERS                                  PETITIONER

v.                                        Civil No. 3:17cv988-HSO-LRA

RONALD WAYNE KING                                  RESPONDENT

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [7] AND DISMISSING PETITION [1] WITH PREJUDICE

This matter comes before the Court on the Report and Recommendation [7] of United States Magistrate Judge Linda R. Anderson, entered on May 7, 2018. Petitioner Bobby C. Sanders filed a Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, seeking to vacate his state conviction for armed robbery. The Magistrate Judge recommended that this habeas petition be dismissed as time-barred. After due consideration of the Report and Recommendation [7], the record, and relevant legal authority, the Court finds that the Report and Recommendation should be adopted as the finding of this Court, and that Sanders' Petition [1] should be dismissed with prejudice.

## I. BACKGROUND

On February 27, 2002, Sanders pleaded guilty to one count of armed robbery in the Circuit Court of Madison County, Mississippi. Order of Sentence [6-1] at 1. Sanders' conviction stems from an armed robbery committed by three men – Sanders, Elias Gunn, and Gerome Moore. *See Moore v. State*, 858 So. 2d 190, 192

(Miss. Ct. App. 2003). Sanders and Gunn pleaded guilty to armed robbery, but the charges against Moore proceeded to trial. *Id.* Gunn gave a pretrial statement and testified at Moore's trial that Sanders shot the victim during the robbery. *Id.* Moore also gave two pretrial statements and wrote a letter to the district attorney admitting his and Sanders' participation in the armed robbery. *Id.* at 192-93. Moore testified at trial that Sanders shot the victim. *Id.* at 193. Moore was convicted of armed robbery, *id.* at 192, and the Court of Appeals of Mississippi affirmed the conviction, *id.* at 196.

On March 13, 2002, the Madison County Circuit Court sentenced Sanders to be imprisoned for a term of forty years, with five years suspended, for a total sentence of thirty-five years in the custody of the Mississippi Department of Corrections, followed by five years of post-release supervision. *Id.* at 2. Over twelve years later, on July 30, 2014, Sanders filed a Petition for Writ of Habeas Corpus/Motion to Vacate Conviction in the Madison County Circuit Court, State Ct. Pet. [6-2], claiming that he is actually innocent of the armed robbery charge, *id.* at 2. In support of this claim, Sanders submitted an affidavit from Moore, signed on February 25, 2010, in which Moore stated that Sanders was not present during the armed robbery. *Id.* at 7-10. Sanders also asserted that he was forced and coerced into pleading guilty. *Id.* at 2.

On August 11, 2014, the circuit court dismissed Sanders' state court petition as untimely. Judgment of Dismissal [6-3]. Sanders appealed to the Court of Appeals of Mississippi, contending that his post-conviction relief petition was not

2

time-barred because of newly discovered evidence, namely, Moore's affidavit. *Sanders v. State*, 179 So. 3d 1207, 1209 (Miss. Ct. App. 2015). The court of appeals noted that Moore, prior to his trial, gave two statements and wrote a letter to the district attorney in which he admitted his and Sanders' participation in the armed robbery, *id.* (citing *Moore*, 858 So. 2d at 196), and during Moore's trial, Moore and Gunn both testified that Sanders shot the victim during the armed robbery, *id.* (citing *Moore*, 858 So. 2d at 196). The Court of Appeals of Mississippi thus found that Sanders had failed to show that Moore's affidavit would change the outcome of a new trial because "[a]ny testimony from Moore would be impeached by his own sworn testimony at his own trial as well as his three pretrial statements." *Id.* The court affirmed the judgment dismissing the petition as untimely. *Id.*

On December 4, 2017, Sanders forwarded to this Court a Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, challenging his armed robbery conviction. Sanders contends that his guilty plea was involuntary and unknowingly made, that his counsel was ineffective, that he is actually innocent, and that his race was a motivating factor in his prosecution. Pet. [1] at 5, 7-8, 10.

On January 3, 2018, Respondent filed a Motion [6] to Dismiss, asserting that Sanders' Petition is untimely under the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C § 2241(d). Respondent posits that because Mississippi does not provide for a direct appeal of a guilty plea, Sanders' conviction became final the date he was sentenced, March 13,

2002. Mot. [6] at 3. Respondent further contends that because Sanders did not properly file a post-conviction relief motion on or before March 13, 2003, to toll the limitations period, his Petition is time-barred. *Id.* at 4. With respect to Sanders' claim of actual innocence, Respondent argues that Sanders has failed to produce any evidence that was unavailable at the time of Sanders' guilty plea to support a claim of innocence. *Id.* at 6.

On May 7, 2018, the Magistrate Judge issued a Report and Recommendation, recommending the dismissal of Sanders' Petition as time-barred. The Magistrate Judge found that Sanders had thirty days following his guilty plea, until April 12, 2002, to directly appeal his sentence. R. & R. [7] at 4. The Magistrate Judge noted that Sanders was required to file a motion for collateral relief in state court by April 14, 2003, in order to toll the statute of limitations, but failed to do so, such that the AEDPA's one-year statute of limitations ran uninterrupted. *Id.* The Magistrate Judge found no statutory or equitable basis for tolling the limitations period, *id.*, and addressed Sanders' claim of actual innocence and found that Sanders had not identified any newly discovered evidence, and that Sanders' evidence and innocence claim were rejected by the Court of Appeals of Mississippi, *id.* at 4-5. The Magistrate Judge recommended that Sanders' Petition be dismissed with prejudice. *Id.* at 7.

A copy of the Report and Recommendation was mailed to Sanders at the address most recently provided. To date, Sanders has not objected to the Report and Recommendation, and the time for doing so has passed.

## II. DISCUSSION

A. Legal Standard

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B. Analysis

The AEDPA imposes a one-year statute of limitations for petitions under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). That limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Additionally, the "time during which a properly filed application for State post-conviction or other collateral review" is pending shall not be counted toward the limitations period. *Id*. § 2241(d)(2). Prior to July 1, 2008, Mississippi allowed a defendant who entered a guilty plea and was sentenced to challenge on direct appeal any sentence imposed as a result of the guilty plea. *Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010). The Mississippi Rules of Appellate Procedure require a notice of appeal to be filed within thirty days after the date of entry of the appealed judgment or order. Miss. R. App. P. 4(a).

Because Sanders was sentenced on March 13, 2002, and he did not file a direct appeal within thirty days, his conviction became final on April 12, 2002. Absent tolling, the AEDPA's one-year statute of limitations expired on April 14, 2003.[1] The Magistrate Judge did not clearly err in finding that Sanders failed to establish a basis for tolling the limitations period, such as that a state-created impediment prevented him from timely filing his Petition, that he could not have discovered the factual predicate of his claim sooner, that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing his Petition before the expiration of the statute of limitations.

"[A] properly supported claim of actual innocence of the crime charged could excuse the failure to comply with the statute of limitations of the [AEDPA] for a first-time habeas petition." *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014)

---

[1] The one-year period ended on April 12, 2003, which was a Saturday; therefore, the limitations period actually expired on the next business day, April 14, 2003.

(citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). However, the Magistrate Judge addressed the merits of Sanders' innocence claim, and did not clearly err in finding this claim to be without merit. The facts Sanders alleges to support his claim of innocence – such as the lack of incriminating physical evidence or that the victim did not identify Sanders in a line-up – are not "newly discovered" evidence. Sanders asserts that a co-defendant's statement "was unreliable (changed multiple times)" and "other co-defendants admitted to the crime, and [were] sentenced." Pet. [1] at 9. This also is not newly discovered evidence, and even if these claims could be construed as referencing Moore's affidavit, that affidavit is not sufficient, for reasons previously stated by the Court of Appeals of Mississippi when it addressed this issue. Moreover, a "court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup v. Delo*, 513 U.S. 298, 332 (1995). Moore's affidavit was signed eight years after Sanders' guilty plea, and Sanders did not present the affidavit in a motion for post-conviction relief until four years after Moore signed the affidavit.

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [7] as the opinion of this Court, along with the additional findings made herein.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation [7], entered in this case on May 14, 2018, is adopted as the finding of this Court, along with the additional findings made herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Petitioner Bobby C. Sanders' Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 17th day of July, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE